# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 10, 1957

Honorable Tom Blackwell
County Attorney
Travis County
Austin, Texas

Dear Mr. Blackwell:

Opinion No. WW-307

Re: How may a defendant convicted
of a misdemeanor who, after
the date of conviction becomes
insane, be committed to a
State hospital for treatment?

You have requested of this office an opinion concerning the procedure by which a defendant convicted of a misdemeanor, who after the date of conviction becomes insane, may be committed to a State hospital for treatment.

There are two statutes controlling the procedure by which a person may be committed to a State Mental Hospital. Section 2 of Article 3193-1, Vernon's Civil Statutes, as amended, provides:

"Sec. 2. All persons committed to a State hospital for the insane or mentally ill for the first time shall be committed under the provisions of the following Acts, and not otherwise:

"1. Acts 1937, 45th Legislature, page 542, Chapter 268, being codified as Article 3193o-1, Vernon's Civil Statutes of the State of Texas;"

which Article provides:

"If information in writing and under oath be given to any County Judge that any person in his county who is not <u>charged with a criminal offense</u>, is believed to be mentally ill, and that the welfare of himself and/or others requires that he be placed in a State hospital for the mentally ill for not exceeding ninety (90) days for observation and/or treatment, and such County Judge shall believe such information to be true, he shall forthwith, in termtime or vacation, fix a day and place for the hearing and determining of the matter, which place shall be either in the Courthouse of the county, or at the residence of the person named, or at any other place in the county, as the County Judge may deem best for such person and shall give notice to such person of the time and place of such hearing. . . ." (Emphasis ours)

"2.  Acts 1937, 45th Legislature, page 1172, Chapter 466, being codified as Article 932a, Vernon's Code of Criminal Procedure of the State of Texas."

Article 932a, Vernon's Code of Criminal Procedure, is concerned with the insanity of a person at the time of the criminal offense or at the time of the trial, and the effect of this finding by a jury.

The second statute which prescribes the procedure by which a person may be committed to a State Mental Hospital is Article 921 of Vernon's Code of Criminal Procedure, which provides:

"If at any time after conviction and by the manner and method as hereinafter provided, it be made known to the Judge of the Court in which the indictment has been returned, that the defendant has become insane, since his conviction, a jury shall be empaneled as in ordinary Criminal cases to try the question of insanity."

At first blush one might assume that Article 3193-1, Vernon's Civil Statutes, is in conflict with Article 921, Vernon's Code of Criminal Procedure.  However, there is no conflict in the two articles.  Article 3193-1 provides that a person may be committed to a State hospital pursuant to Article 3193o-1 which is above set out in the opinion and which article clearly denies a person charged with a criminal offense the use of the State Mental Hospital facilities.

Article 3193-1 further provides that pursuant to Article 932a, Vernon's Code of Criminal Procedure, a person charged with a criminal offense could raise the issue of insanity and have that issue tried before the main charge and in the event a verdict of insanity is returned, then the person may be committed to a mental hospital.

Although Article 3193-1 prescribes two methods by which a person may be committed to a State Mental Hospital, neither method is applicable to a person charged with a criminal offense.

Article 3193o-1 specifically excludes persons charged with a criminal offense and Article 932a deals only with the insanity issue before trial of the main charge.

Therefore, the only procedure by which a person convicted of a criminal act may be admitted to a State Mental

Hospital is under Article 921, Vernon's Code of Criminal Procedure.  Therefore, it is clear that the Legislature did not intend for Article 921, Vernon's Code of Criminal Procedure, to be repealed by Article 3193-1, Vernon's Civil Statutes, and thereby abolishing the only method by which a convicted person who becomes insane may be committed to a State hospital.

Therefore it is the opinion of this office that Article 921 of Vernon's Code of Criminal Procedure is the proper procedure to follow for the commitment of a person who becomes mentally ill after conviction of a crime.

All Attorney General's Opinions in conflict herewith are overruled to the extent of such conflict.

## SUMMARY

There is no conflict between Article 3193-1, Vernon's Civil Statutes, and Article 921, Vernon's Code of Criminal Procedure, and therefore a convicted person who becomes mentally ill after trial may be committed to a State Mental Hospital pursuant to Article 921, Vernon's Code of Criminal Procedure.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Linward Shivers
Assistant

LS:wam:wb

APPROVED:
OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Leonard Passmore
C. K. Richards
Mrs. Marietta McGregor Payne

REVIEWED FOR THE ATTORNEY GENERAL

By:  James N. Ludlum